UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| | |
|---|---|
| JOYCE HONEYCUTT, on behalf of Herself and All Other Similarly Situated Individuals,<br><br>Plaintiff,<br><br>v.<br><br>1407 LLC<br>d/b/a SHANGRI LA WEST,<br><br>Defendant. | CAUSE NO.: 1:20-CV-0006-HAB |

**OPINION AND ORDER**

This matter is before the Court on a Joint Motion for Approval of FLSA Settlement Agreement and Dismissal [ECF No. 15], which seeks this Court's approval of the Settlement Agreement and General Release [Settlement Agreement, ECF No. 15-2] among Joyce Honeycutt and 1407 LLC, d/b/a Shangri La West and Dino Zurzolo[1] in this action under the Fair Labor Standards Act (FLSA). The parties' submission includes a Declaration in Support of FLSA Settlement [ECF No. 15-1]. For the reasons stated in this Order, the Court grants the dismissal.

**ANALYSIS**

FLSA collective action settlement agreements require judicial approval. 29 U.S.C. § 216(b)–(c); *Walton v. United Consumers Club, Inc.*, 786 F.2d 303, 306 (7th Cir. 1986); *see also Burkholder v. City of Fort Wayne*, 750 F. Supp. 2d 990, 994–95 (N.D. Ind. 2010) (noting that "stipulated settlements in a FLSA case must be approved by the Court") (citation and quotation

---

[1] Dino Zurzolo is not a party in the lawsuit filed by Honeycutt. However, the Settlement Agreement and General Release represents that "at or prior to the time of Settlement, Honeycutt intended to amend the pleading seeking damages, individually, against the individual owner of the Shangri La West Gentlemen's Club, Dino Zurzolo." [ECF No. 15-2 at 1]. Thus, Dino Zurzolo is a party to the proposed Settlement Agreement and General Release.

omitted). Although this matter has not been certified as a collective action, "many courts have held that, in the absence of supervision by the Department of Labor or scrutiny from a court, a settlement of a FLSA claim is prohibited." *Bodle v. TXL Mortg. Corp.*, 788 F.3d 159, 164 (5th Cir. 2015) (citing *Lynn's Food Stores, Inc. v. United States*, 679 F.2d 1350, 1355 (11th Cir. 1982)).

When determining the fairness of the Settlement Agreement, a court considers "whether the agreement reflects a reasonable compromise of disputed issues rather than a mere waiver of statutory rights brought about by an employer's overreaching." *Campbell v. Advantage Sales & Mktg. LLC*, No. 1:09-CV-1430, 2012 WL 1424417, at *2 (S.D. Ind. Apr. 24, 2012) (citing *Burkholder*, 750 F. Supp. 2d at 995.). A reviewing court normally approves a settlement where it is based on "contentious arm's-length negotiations, which were undertaken in good faith by counsel" and where "serious questions of law and fact exist such that the value of an immediate recovery outweighs the mere possibility of further relief after protracted and expensive litigation." *Id*. (quoting *Reyes v. Buddha–Bar NYC*, No. 08 CV 2494), 2009 WL 5841177, at *3 (S.D.N.Y. May 28, 2009)) (additional citation and quotation marks omitted).

Plaintiff alleges that she was not properly paid for all time worked as an exotic dancer in the employment of Defendant. Rather, Defendant misclassified her, and other dancers, as independent contractors. Plaintiff alleges that Defendant's violation was willful. Defendant asserts that Plaintiff was never its employee.

As settlement of Plaintiff's claim, Defendant has agreed to pay $18,000. According to the Declaration in Support, $8,500 of this amount is designated for Plaintiff's attorney fees and costs. The parties reached the agreement after several discussions of the facts concerning whether an employment relationship existed. The Defendant has not yet filed a responsive pleading.

Examining the pertinent factors, the Court concludes that the Settlement Agreement is fair and reasonable. This case is in its early stages and litigating this case to its conclusion on the merits could entail considerable time and expense. The parties acknowledge that liability and the amount of any potential recovery are disputed on the basis that any employment relationship existed between the parties. The value of an immediate recovery outweighs the mere possibility of further relief after litigating the matter further at the trial court level. The parties are represented by experienced counsel, who aver that they engaged in numerous discussions during their arms-length negotiations.

The Court concludes the parties' proposed Settlement Agreement is fair and reasonable and approves the Settlement Agreement.

## CONCLUSION

For the reasons stated above, the Court approves the parties' Settlement Agreement [ECF No. 15-2]. This matter will be dismissed with prejudice.

SO ORDERED on May 19, 2020.

                                            s/ *Holly A. Brady*
                                            JUDGE HOLLY A. BRADY
                                            UNITED STATES DISTRICT COURT